**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY DANIEL SAGE,<br><br>Plaintiff,<br><br>v.<br><br>DAWSON, et al.,<br><br>Defendants. | No. 2:20-CV-1375-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the court is Plaintiff's first amended complaint. See ECF No. 10. The Court dismisses the complaint with leave to amend.

**I. SCREENING REQUIREMENT**

The Court must screen complaints from prisoners seeking relief against a governmental entity, officer, or employee. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement of the claim that a plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

1  (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of
2  a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal,
3  556 U.S. 662, 678 (2009). To survive screening, a plaintiff's claims must be facially plausible,
4  which requires sufficient factual detail to allow the Court to reasonably infer that each named
5  defendant is liable for the misconduct alleged. Id. at 678–79; Moss v. U.S. Secret Service, 572
6  F.3d 962, 969 (9th Cir. 2009). Plaintiffs must demonstrate that each defendant personally
7  participated in the deprivation of the plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th
8  Cir. 2002). If the allegations "do not permit the court to infer more than the mere possibility of
9  misconduct," the complaint does not state a claim. Iqbal, 556 U.S. at 679. The complaint need not
10 identify "a precise legal theory." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024,
11 1038 (9th Cir. 2016).
12         The Court must construe a pro se litigant's complaint liberally. See Haines v.
13 Kerner, 404 U.S. 519, 520 (1972) (per curiam); Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th
14 Cir. 2012). However, "'a liberal interpretation of a civil rights complaint may not supply essential
15 elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d
16 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).
17 The Court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff
18 can prove no set of facts in support of his claim which would entitle him to relief." Hayes v.
19 Idaho Corr. Ctr., 849 F.3d 1204, 1208 (9th Cir. 2017).
20                           **II. PLAINTIFF'S ALLEGATIONS**
21         Plaintiff is a state prisoner. See ECF No. 11 at 1. All of Plaintiff's allegations
22 occurred while he was housed in Butte County Jail (BCJ). See generally ECF No. 10. He
23 apparently brings suit against two defendants. See id. at 1-2. Plaintiff names Sherriff Kory Honea
24 as defendant, but then ultimately refers to Officer Dawson's actions as the cause of his injury. See
25 id. 3-4. The case primarily concerns excessive force. See id. at 1. In broad sum, Dawson allegedly
26 assaulted Plaintiff. Id. at 1, 3. Plaintiff states that Dawson injured him after taking "unauthorized
27 abusive physical actions." See id. at 3. Plaintiff alleges that Dawson's motivation for the abuse
28 stemmed from Dawson's personal relationship with Plaintiff's sister. See id. at 3.

At the time of Defendant Dawson's alleged action, Kory Honea was the supervising sheriff in charge of all jail operations. See id. at 4. Plaintiff claims that Kory Honea failed to supervise the correctional facility employees and maintain a proper disciplinary system when correctional staff commit unethical behavior. See id. at 6. Plaintiff implies that Honea is personally responsible for customs and policies of abuse at BCJ. (Id. F), including but not limited to a policy of permitting dangerous, abusive guards to remain on staff and pose a threat to inmates (even if told to stay away from inmates with whom a guard has had prior altercations). See id.

Plaintiff claims that Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment. See id. at 1–5. He also alleges a denial of due process and equal protection contrary to the Fourteenth Amendment. See id. at 4–5.

### III. DISCUSSION

It is unclear whether Plaintiff was a pretrial detainee or a prisoner who had been convicted of a criminal offense at the time the allegations occurred. The constitutional amendment governing excessive force claims differs depending on whether a plaintiff is a pretrial detainee. The Eighth Amendment governs excessive force claims by convicted prisoners. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1979); Vazquez v. County of Kern, 949 F.3d 1153, 1163–64 (9th Cir. 2020); Bearchild v. Coban, 947 F.3d 1130, 1140–41 (9th Cir. 2020); Castro v. County of Los Angeles, 833 F.3d 1060, 1067–68 (9th Cir. 2016). Generally speaking, however, if Plaintiff is a pretrial detainee not convicted of a crime, the Eighth Amendment does not govern his claims. See, e.g., Kingsley v. Hendrickson, 576 U.S. 389, 397–402 (2015); Bell, 441 U.S. at 535 & n.16 (1979); Castro, 833 F.3d at 1067–68; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, the Fourteenth Amendment, via the Due Process Clause, controls. See, e.g., Kingsley, 576 U.S. 396–402; Vazquez, 949 F.3d at 1163–64; Castro, 833 F.3d at 1067–68; Frost, 152 F.3d at 1124; Choate v. Fowler, No. 1:19-cv-00473-NONE-SKO (PC), 2020 WL 4018148, at *2 (E.D. Cal. July 16, 2020).

Although Plaintiff does not state whether he was a prisoner or being held for trial, because he was confined in Butte County Jail rather than prison, the Court assumes he was a pretrial detainee when he filed his complaint. Thus, while Plaintiff cites the Eighth Amendment,

1  the Court liberally construes his complaint as alleging a *Fourteenth* Amendment claim for

2  excessive force. So construed, for the purposes of screening, Plaintiff states a cognizable claim.

3        At this screening stage, Plaintiff has stated a claim for supervisory liability to the

4  extent that he contends Honea is responsible for specific policies that offend the constitution (e.g.,

5  allowing abusive guards to remain employed); culpably failed to act to prevent harm to Plaintiff;

6  or culpably failed to train, supervise, or control subordinates like Dawson. See, e.g., Henry A. v.

7  Willden, 678 F.3d 991, 1003–04 (9th Cir. 2012); Starr v. Baca, 652 F.3d 1202, 1206–08 (9th Cir.

8  2011); Quiroz v. Horel, 85 F. Supp. 3d 1115, 1149–50 (N.D. Cal. 2015).

9        Plaintiff does not, however, state an equal protection claim under the Fourteenth

10 Amendment. The Court will grant Plaintiff leave to amend. The Court identifies both the § 1983

11 standards and the equal protection standards so that Plaintiff may amend his complaint.

12 **A.  § 1983 Standards:**

13       Section 1983 provides a remedy for the violation of constitutional and federal

14 statutory rights by a person acting under the authority of state law. 42 U.S.C. § 1983; see, e.g.,

15 Sampson v. County of Los Angeles, 974 F.3d 1012, 1018 (9th Cir. 2020); Hall v. City of Los

16 Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Long v. County of Los Angeles, 442 F.3d 1178,

17 1185 (9th Cir. 2006). Section 1983, however, is not itself a source of substantive rights. Albright

18 v. Oliver, 510 U.S. 266, 271 (1994); Sampson, 974 F.3d at 1018; Hall, 697 F.3d at 1068. Rather,

19 § 1983 is a vehicle for vindicating rights "elsewhere conferred." Sampson, 974 F.3d at 1018.

20       To state a claim under § 1983, Plaintiff must allege (1) a deprivation of his

21 constitutional rights or federal protected rights and (2) that the defendant's actions were taken

22 under color of state law. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 921 (9th

23 Cir. 2011) Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006); see Sampson, 974 F.3d at

24 1018; Hall, 697 F.3d at 1068. Plaintiff, in other words, must plausibly allege that he suffered a

25 violation of a federally protected right and that a person acting under color of state law *committed*

26 that violation. See, e.g., Sampson, 974 F.3d at 1018; Long, 442 F.3d at 1185.

27       A person deprives another of a constitutional right within § 1983's meaning if they

28 take an affirmative action, participates in another person's affirmative action, or fails to take an

action that they are legally required to take and that causes the alleged deprivation. Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007); see Lacey v. Maricopa Cty., 693 F.3d 896, 915 (9th Cir. 2012). Personal participation, however, is only one predicate for liability under § 1983. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see Lacey, 693 F.3d at 915. "The requisite causal connection may [also] be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.3d at 743). This standard of causation resembles the typical "foreseeability" formulation of proximate cause. Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

In sum, there can be no § 1983 liability unless there is an adequate link or connection between a defendant's actions and the claimed deprivation. See, e.g., Arnold, 637 F.2d at 1355; Johnson, 588 F.2d at 743; see also Harper, 533 F.3d at 1026. A plaintiff must show that a defendant was the actionable cause of a claimed injury. Harper, 533 F.3d at 1026. Vague and conclusory allegations of official participation in a civil rights violation are unsatisfactory. Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014); Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Plaintiff Fails to Establish an Equal Protection Claim:**

The Fourteenth Amendment's Equal Protection Clause commands that no State "deny to any person within its jurisdiction the equal protection of the laws," which effectively directs that all similarly situated individuals must be treated alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985); Sampson v. County of Los Angeles, 974 F.3d 1012, 1022 (9th Cir. 2020). That protection extends to inmates. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Sprouse v. Ryan, 346 F. Supp. 1347, 1361 (D. Ariz. Dec. 7, 2017).

Most generally, to state an equal protection claim under § 1983, plaintiffs must show that a defendant acted with intent or purpose to discriminate against the plaintiff based upon the plaintiff's membership in a protected class. Sampson, 974 F.3d at 1022; Hartmann v. Cal. Dep't Corrs. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013). For example, based upon race,

religion, poverty, or national origin. Sprouse, 346 F. Supp. at 1362. Alternatively, even if a Plaintiff does not allege class-based discrimination, a Plaintiff may show that they have been unreasonably singled out as a "class of one," in other words, that a defendant has intentionally treated them differently from similarly situated individuals without a rational basis. See id.; see also Engquist v. Or. Dep't of Agric., 553 U.S. 591, 601 (2008); N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008); Chappell v. Bess, No. 2:01-cv-01979 KJN P, 2012 WL 3276984, at *19 (E.D. Cal. Aug. 9, 2012)

As noted above, however, Plaintiff merely includes in his complaint standalone statements that he was denied equal protection. See ECF No. 10 at 4–5. Plaintiff alleges nothing showing that any Defendant intentionally discriminated against him based on membership in a protected class. Nor does he sufficiently allege, even on a liberal construction of his complaint, that Dawson or Honea unreasonably singled Plaintiff out as a class of one without a rational basis for their conduct.

### IV. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between

each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260–61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 10) is dismissed with leave to amend.

2. Plaintiff shall file a second amended complaint within 30 days of the date of this order.

Dated: August 26, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE